**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 16, 2014
Decided December 22, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2675

| | |
|---|---|
| ELOY PEREZ-COVARRUBIAS, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A201 115 524 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

## O R D E R

Eloy Perez-Covarrubias, a 37-year-old native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals upholding an immigration judge's denial of his motion to reopen removal proceedings conducted in absentia. We deny the petition.

Perez-Covarrubias lived in the United States for 15 years without detection by immigration authorities. He first entered the United States in 1996, briefly returned to Mexico in 2008, and then reentered the United States without inspection later that year. In April 2011, while Perez-Covarrubias was in jail on a charge of driving under the influence, the Department of Homeland Security "encountered" him during "routine

criminal alien operations" and charged him with removability as an alien present in the United States without being admitted or paroled, *see* 8 U.S.C. § 1182(a)(6)(A)(i). In July 2011 the immigration court in Chicago mailed Perez-Covarrubias a notice of his first master calendar hearing, scheduled for November 6, 2012, at 9:00 A.M. Three months later the court mailed him another notice with the same hearing date and time, along with the court's new address, as it had recently changed location. Perez-Covarrubias did not appear at his removal hearing, so the IJ conducted it in absentia, found him removable as charged, and ordered him removed to Mexico, *see id*. § 1229a(b)(5)(A).

About four months later, Perez-Covarrubias, through counsel, filed a motion to reopen his removal proceedings, arguing that "exceptional circumstances" had caused his failure to appear. In a signed (but unnotarized) statement, Perez-Covarrubias admitted that he had received notice of his November 6 hearing but "inadvertently" wrote November 7 on his calendar. According to Perez-Covarrubias, he had traveled to Chicago on November 7, only to discover that his hearing had taken place the previous day. Perez-Covarrubias attributed his "serious error [of] mis-calendaring" to his "human frailty." With the motion to reopen, Perez-Covarrubias also attached an application for cancellation of removal based on his lengthy residence in the United States and the alleged hardship his removal would cause his two U.S.-born children. *See id*. § 1229b(b)(1).

The IJ denied the motion to reopen. Relying on *Uriostegui v. Gonzales*, 415 F.3d 660 (7th Cir. 2005), the IJ concluded that Perez-Covarrubias's mistake about his hearing date did not qualify as an "exceptional circumstance" that would excuse his absence, *see* 8 U.S.C. § 1229a(b)(5)(C)(i). Perez-Covarrubias's "confusion" about his hearing date, the IJ explained, failed to rise to the level of compelling circumstances "beyond [his] control." The Board agreed with the IJ that Perez-Covarrubias's circumstances were not exceptional and upheld the IJ's determination.

In his petition for review, Perez-Covarrubias asserts that the IJ and the Board failed to consider the totality of the circumstances when concluding that no exceptional circumstances excused his failure to appear. He contends that his "human error" in recording the wrong hearing date should be excused because he was proceeding pro se, he showed up at court the next day believing that to be his hearing date, and he had applied for relief from removal.

Exceptional circumstances that excuse an alien's failure to appear at a removal hearing are circumstances "beyond the control of the alien," such as serious illness or death of the alien's spouse, child, or parent, "but not including less compelling circumstances." *Id*. § 1229a(e)(1). An alien's mistaken belief about his hearing date does

not rise to the level of an exceptional circumstance. *See Uriostegui*, 415 F.3d at 662–63 (no exceptional circumstance where alien misheard Spanish word for "July" instead of "June" and thus missed June hearing); *Acquaah v. Holder*, 589 F.3d 332, 335–36 (6th Cir. 2009) (no exceptional circumstance where alien had "good faith but mistaken belief" that hearing was July 7 instead of July 5).

Nonetheless, Perez-Covarrubias argues that his circumstances are exceptional because they resemble those at issue in *Kaweesa v. Gonzales*, 450 F.3d 62 (1st Cir. 2006), in which the First Circuit excused a Ugandan asylum-seeker's absence from her May 13 hearing when she believed it was May 17, *id*. at 64. In finding exceptional circumstances, the First Circuit considered the totality of the circumstances, including the alien's efforts to contact the immigration court, the alien's promptness in seeking reopening, the strength of the alien's underlying claim, the harm the alien would suffer if the motion were denied, and the inconvenience the government would suffer if the motion were granted. *See id*. at 68–69.

But Perez-Covarrubias's circumstances are much different from those in *Kaweesa*. First, although Perez-Covarrubias filed his motion to reopen within the 180-day deadline for filing such requests, *see* 8 U.S.C. § 1229a(b)(5)(C)(i), he waited 4 months to file while Kaweesa filed only 6 days after missing her hearing, *see Kaweesa*, 450 F.3d at 64. Moreover, although Perez-Covarrubias submitted some evidence that he *may* be eligible for cancellation of removal, the First Circuit emphasized the dire consequences that Kaweesa might face in Uganda, not simply her eligibility for some form of relief. *See id*. at 69–70 (alien's allegations of rape and the death of her husband, parents, and brother "could very well have been sufficient for a grant of asylum").

Perez-Covarrubias also urges that due process requires reopening. *See id*. at 69 (noting that "the statutory concern with notice and exceptional circumstances is grounded in due process considerations"). Indeed, we have found a violation of due process where an alien was removed in absentia after arriving to her hearing two hours late because she had to wait for her hired interpreter. *See Nazarova v. INS*, 171 F.3d 478, 481, 484–85 (7th Cir. 1999) (excusing alien's tardiness because government's "confusing and contradictory actions"—court employee's misrepresentation that Russian interpreter would be available during hearings—denied her "meaningful opportunity to be heard"); *but see Kuschchak v. Ashcroft*, 366 F.3d 597, 604 (7th Cir. 2004) (alien's abandoned asylum application not excused where counsel filed oddly phrased motion and neither government nor IJ took actions or made statements to mislead or confuse). But Perez-Covarrubias did not receive or rely on any incorrect information from the

immigration court; rather, he received notice of his hearing and simply wrote down the wrong date.

Finally, Perez-Covarrubias argues that his circumstances are distinguishable from those of the alien in *Uriostegui*—namely that the alien there had counsel and had attended two previous hearings, *see Uriostegui*, 415 F.3d at 662. But these differences are inconsequential. We concluded in *Uriostegui* that mishearing the date uttered by the interpreter was "nowhere near the illustrative examples [of exceptional circumstances] given in the statute," and we held the alien personally responsible even though she had a lawyer, noting that she "could have double-checked the date after the hearing when it was set." *Id*. at 663–64. Similarly, Perez-Covarrubias could have double-checked his hearing date, and he did not suggest that he experienced circumstances anywhere close to those described in the statute. His error in recording the date was directly *within* his control, not beyond it. *See id*.

Accordingly, the agency did not abuse its discretion in denying Perez-Covarrubias's motion to reopen. *See Reyes-Cornejo v. Holder*, 734 F.3d 636, 647 (7th Cir. 2013). We deny the petition for review.